UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00696-FDW-DSC

| | |
|---|---|
| THE CATO CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>URBAN TEXTILE, INC., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on several motions, including Defendant's "Motion to Quash and Dismiss, or Transfer" (Doc. No. 10), and Plaintiff's response to that motion, which is a "Motion for Discovery" (Doc. No. 15). The Court finds that it has sufficient briefing on these two motions to rule. For the reasons that follow, Plaintiff's Motion is granted with modification, and Defendant's Motion is denied without prejudice as moot to be refiled following a limited discovery period.

In sum, Defendant's Motion contends this Court lacks personal jurisdiction, the Western District of North Carolina is the improper venue for this action, and, in the alternative, this matter should be transferred to the Central District of California. Plaintiff's response argues that it cannot adequately respond to Defendant's motion without limited early discovery on Defendant's contacts with the state of North Carolina.

It is well settled that, "District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure." Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 64 (4th Cir. 2003). The Court has reviewed the pleadings and submissions of counsel and finds that a short period of limited discovery would be useful to the parties and likely provide

assistance to the Court in addressing the issues of personal jurisdiction and venue. Accordingly, the Court will permit limited discovery on the topic of Defendant's contacts with North Carolina. Plaintiff may serve eight (8) interrogatories and either (8) requests for production of documents to Defendant. Unless the parties stipulate otherwise, Defendant shall serve these interrogatories and requests within seven (7) days from the date of this Order, with responses to be served by Defendant twenty-one (21) days after service from Plaintiff. Plaintiff may also take one Rule 30(b)(6) deposition of Defendant's designee, with such deposition to be limited to five (5) hours. Unless the parties stipulate otherwise, this deposition must occur within forty (40) days from the date of this Order.

In light of this ruling and in order to allow Defendant to fully brief its previous arguments that may be addressed during this limited discovery, the Court will deny the pending motion to quash, dismiss, or transfer without prejudice. The Court specifically notes that by virtue of this ruling, Defendant has preserved all personal jurisdiction arguments, and the Court will not construe its' dismissal or the granting of Plaintiff's motion for discovery as a waiver of any arguments, including those that may arise for the first time during discovery to further support Defendant's motion.

If, after discovery, Defendant intends to renew its motion, it must file that motion no later than forty-seven (47) days from the date of this order. Plaintiff shall file its response to that motion no later than seven (7) calendar days after service of a renewed motion, and Defendant's reply shall be filed three (3) calendar days following service of Plaintiff's response. This shortened briefing schedule is necessary to promote the prompt and efficient resolution of this matter.

IT IS THEREFORE ORDERED that Defendant's Motion to Quash and Dismiss, or Transfer (Doc. No. 10) is DENIED WITHOUT PREJUDICE and Plaintiff's Motion for Discovery is GRANTED subject to the limitations contained herein.

IT IS SO ORDERED.

Signed: April 15, 2015

Frank D. Whitney
Chief United States District Judge